JUSTICE LEAPHART
dissenting.
¶40 I dissent. There was no favorable termination of the underlying action. The Court cites to Sacco v. High Country Independent Press (1995), 271 Mont. 209, 245, 896 P.2d 411, 432, and Miller v. Watkins (1982), 200 Mont. 455, 463, 653 P.2d 126, 130, in analogizing a dismissal without prejudice to a dismissal for lack of speedy trial or a dismissal due to the bar of the statute of limitations, both of which the Court has held reflect on the merits of the claim. However, in both those instances, further prosecution is barred and there is no possibility of a subsequent and inconsistent result.
¶41 A dismissal without prejudice is not intended to be res judicata of the merits of the controversy. Black’s Law Dictionary 1603 (6th ed. 1990). A dismissal without prejudice does not amount to a “favorable termination” in the same sense as a dismissal based on the statute of limitations or denial of speedy trial. Having dismissed without *198 prejudice, the State is not barred from further proceedings. Rather, it is still free to file a new complaint against the defendants and possibly obtain a result favorable to the State. Such a result would, obviously, be entirely inconsistent with a successful malicious prosecution action by Plouffe and Ereaux.
¶42 In my view, the record supports the District Court finding that the State chose to discontinue the litigation against Plouffe and Ereaux because it had received substantial compliance with the environmental infractions alleged in the amended complaint.
¶43 I would affirm the District Court’s dismissal of the complaint for malicious prosecution.
CHIEF JUSTICE GRAY joins in the dissent of Justice Leaphart.